# EXHIBIT 2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAN AND JEAN MCCARTY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Hon. Mary Ellen Coster Williams |
| v. ) | |
| ) | No. 1:14-cv-00316 MCW |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF MARK F. (THOR) HEARNE, II

I, Mark F. (Thor) Hearne, II, being of lawful age, state the following to be true based upon my personal knowledge and belief:

1. I am an equity partner in the Washington DC-based law firm Arent Fox, LLP. I have been a partner with the Arent Fox law firm since February 1, 2010 and I am the Counsel of Record in this Fifth Amendment litigation.

2. I have been practicing law for more than thirty years. Exhibit A is a summary of my professional experience.

3. My office with Arent Fox is located in Arent Fox's headquarters at 1717 K Street, NW, Washington, D.C. 20006. I also work from a small office Arent Fox has established in St. Louis, Missouri.

4. I am familiar with the legal market in Washington DC, St. Louis and other cities where Arent Fox has offices and where clients I represent reside. I am admitted to practice in and a member of the District of Columbia bar and the Michigan and Missouri bar. I am familiar with the legal marketplace for attorneys experienced in complex federal litigation, especially complex federal litigation in Washington DC before the Court of Federal Claims, Federal Circuit and United States Supreme Court.

5. Arent Fox establishes hourly rates for partners, associates, of counsel attorneys, and paralegals with Arent Fox. These hourly rates are established and reviewed annually. Arent Fox management establishes the hourly rates it charges based upon substantial analysis and research of the legal marketplace. Among other factors, Arent Fox considers, (a) the prevailing hourly rates charged by our peer firms for comparable work by attorneys possessing comparable experience, (b) surveys of AmLaw 200 law firm billing rates prepared by PriceWaterhouseCoopers and the National Law Journal, (c) the overhead and expenses necessary to provide the legal services to our clients; and (d) the billing practices in the marketplace.

6. The hourly rates Arent Fox charges are rates which are competitive with those charged by comparable law firms and are rates private clients pay for comparable legal representation.

7. Arent Fox establishes its hourly rates assuming the customary practice in the legal marketplace which is that private clients pay their attorney fees and litigation expenses within thirty-days after the work is performed or the expenses advanced.

8. A significant part of my legal practice involves representing landowners in Fifth Amendment litigation against the federal government arising under the National Trails System Act, 16 U.S.C. § 1241, *et seq.* I have represented owners in Trails Act litigation since the late 1990s. See *Grantwood Village v. United States*, 45 Fed. Cl. 771 (2000) – one of the first Trails Act cases. I presently represent landowners in New York, Florida, Arizona, Indiana, Kansas, Missouri, Michigan, South Carolina, North Carolina, Tennessee, Georgia, Wisconsin, Indiana, Kentucky, Illinois, and Oregon, among other states in pending Trails Act litigation.

9. The federal government's obligation to justly compensate owners whose property is taken when the Surface Transportation Board invokes §1247(d) of the Trails Act has been

2

established since *Preseault v. Interstate Commerce Commission*, 494 U.S. 1 (1990) (*Preseault I*) and *Preseault v. United States,* 100 F.3d 1525 (Fed. Cir. 1996) (*en banc*) (*Preseault II*). Only in the exceptional circumstance does a railroad originally acquire title to the land across which it builds its railway line, as opposed to an easement limited to use of the land for operation of a railway line. See *Marvin M. Brandt Rev. Tr. v. United States,* 134 S.Ct. 1257 (2014). Yet, despite the government's clear liability, the Justice Department has pursued a strategy of defending Trails Act taking cases by attempting to relitigate in lower courts the earlier decisions of the Supreme Court and Federal Circuit sitting *en banc*. The Justice Department's eristic litigation strategy means an owner whose property is taken when the Surface Transportation Board invokes §1247(d) of the Trails Act faces a very expensive and protracted lawsuit against the federal government. The only cost efficient means by which owners of ordinary means can vindicate their constitutional right to be justly compensated is to bring a case in which their claims are consolidated (by joinder or by a class action) with neighboring landowners and the law firm representing the owners agrees to front the litigation expense and attorney fees necessary to bring the lawsuit.[1] Apart from this method of consolidating claims with counsel advancing the litigation costs, landowners would be denied any opportunity to be justly compensated. Attorneys and law firms cannot attract competent counsel to represent landowners in Trails Act and similar taking litigation unless the attorney and law firm can count on this Court awarding a fully compensatory attorney fee and reimbursing the litigation costs as Congress promised when it adopted the URA fee-shifting statute.

---

[1] Extremely wealthy landowners whose property is worth millions and who have the means to fund a multi-million dollar lawsuit against the federal government may be an exception. But, in this case and in almost every other Trails Act taking case of which I have knowledge, the owners whose property the government has taken are not wealthy and do not have the means to independently fund almost a decade of litigation against the federal government.

10. In the past quarter-decade I have spent litigating Trails Act taking cases, it is my experience that, as in this case, the most significant reason Trails Act litigation is expensive and why Trails Act cases take so long to resolve - often a decade or longer – has been the Justice Department's decision to pursue an entrenched, scorched-earth litigation strategy. That strategy was manifest in the later stages of this litigation. To wit: In March the landowners and the government's then-counsel reached a tentative settlement. Had the government's new counsel not withdrawn from this settlement the attorney fees and litigation costs would have been one-half or less the current attorney fees and costs. But, because the government withdrew from the settlement and insisted on resolving the compensation owed each owner of each of these sixty-six properties by trial, the owners incurred substantial additional litigation expenses including pre-trial motions, trial preparation, additional expert fees and the substantial cost of preparing for a week-long trial. The government's litigation strategy also caused the government to incur substantial additional expenses and required this Court to devote substantial judicial resources to this case. The owners and our trial team did all within our ability to avoid or limit this additional expense and we were able to ultimately settle all sixty-six claims late on the evening before trial. But, the government's decision to withdraw from the tentative settlement was a costly decision and it was an additional expense visited upon these owners by the government pursuing this litigation strategy.

11. Representing landowners in Fifth Amendment taking cases requires that Arent Fox advance substantial out-of-pocket expenses to fund the litigation, including paying expert fees and other litigation costs.

12. Arent Fox has advanced $218,885 in out-of-pocket expenses (through August) to bring this lawsuit. Additional expert witness fees and other expenses have been incurred since August.

13. My colleagues and I have reviewed the detailed billing and time records we included with the accompanying motion. We have exercised the billing judgment we always exercise in reviewing a bill sent to a fee-paying client and we have concluded the hours devoted to this litigation are reasonable. Further, as lead trial counsel, I managed this litigation in as cost-efficient a manner as possible. For example, as appropriate, I assigned specific tasks to the members of the litigation team with the lowest hourly rate that possessed the experience and ability to complete the task.

14. Arent Fox agreed to represent these Indiana owners on a contingency basis in which Arent Fox would not be paid unless these owners were paid. Arent Fox thus had an incentive to manage this litigation as cost-effectively as possible.

15. The hourly rates Arent Fox charges for each member of the litigation team are fair, reasonable and appropriate hourly rates. These hourly rates are comparable to the rates Arent Fox charges private clients for work on comparable litigation. The hourly rates are comparable to, or slightly less, than those rates charged by Arent Fox's peer firms for comparable attorneys engaged in similar complex federal litigation.

16. The landowners retained Arent Fox agreeing to pay Arent Fox a legal fee equal to Arent Fox's current billing rate and consistent with Washington DC prevailing rates.

17. I do not know of any attorney or law firm with the requisite experience and resources that would have undertaken this litigation at hourly rates below prevailing market rates.

18. Given the substantial up-front litigation costs required to represent landowners in inverse condemnation actions against the United States and the substantial delay between when the work is performed and when the attorney fee is finally paid, it is not financially feasible for myself, Arent Fox, or any comparable attorney or law firm to represent these landowners at rates below the prevailing market rates Arent Fox has charged.

I declare the foregoing is true and accurate.

Executed September 29, 2016

                                                      /s/ *Mark F. (Thor) Hearne, II*
                                                     MARK F. (THOR) HEARNE, II



## Mark F. (Thor) Hearne, II

Partner
Washington, DC, and St. Louis
314.296.4000
thor@arentfox.com





| **Practice Areas** | **Areas of Focus** |
|---|---|
| Complex and Class-Action Trial Court Litigation | Constitutional Law |
| Property Rights and Fifth Amendment Takings | Eminent Domain |
| Appellate Practice | Property Valuation |
| Election Law | |

Thor Hearne, a partner with Arent Fox LLP and head of its Appellate Practice Group, has earned a national reputation for his work in three areas of legal practice; complex federal and state litigation, appeals, and class actions, especially matters involving property rights; constitutional law; and election issues. Thor has been counsel involving hundreds of property owners as well as high net-worth families and closely held businesses on wealth preservation and tax and succession planning and is also nationally renowned in political and election law.

Thor has recently been named as one of the top Fifty Litigation Trailblazers and Pioneers in the country by the *National Law Journal* (upcoming issue, December 2014).  Thor was also featured in the *National Law Journal* (September 2, 2013) as a pre-eminent national trial and appellate attorney for his work in class-action eminent domain litigation.

Thor is a regular and highly-sought-after speaker at top eminent domain CLE conferences, including the Brigham-Kanner Property Rights Conference at William & Mary Law School, where he serves as a member of the Advisory Council, and Thor is a faculty member on the ALI-CLE Eminent Domain and Land Valuation Litigation Conference.

**Litigation — Before the United States Supreme Court**

Thor has represented property owners and elected officials before the United States Supreme Court in the following cases:

- *Trinity Lutheran Church of Columbia, Inc. v. Pauley*, No. 15-577 (2016-17).  Thor is counsel for the National Association of Evangelicals as an amicus party in this case expected by many to lead to a landmark Supreme Court decision in First Amendment religious freedom law.  The case challenges Missouri state constitutional "Blaine Amendment," which prohibits state aid to any religiously affiliated entity.  Argument has not yet been scheduled.

- *Harris v. Arizona Independent Redistricting Commission*, No. 14-232 (2014).  Thor represented Arizona citizens and voters in a U.S. Supreme Court challenge of the 2012 redistricting plan for Arizona state legislative districts, where the redistricting commission produced a redistricting map with a nearly 9% population deviation, diluting the votes of thousands of Arizona voters.  Thor argued this case before the Supreme Court this past December, and a decision is expected at any time.

- *Brandt v. United States*, 134 S.Ct. 1257 (2014).  Thor was counsel for amici Cato Institute, American Farm Bureau Federation, American Land Title Association, National Cattlemen's Beef Association, Public Lands Council, and Property Law Professors James Ely, Jr., Richard Epstein, Donald Kochan, and Dale Whitman in a case filed by the U.S. government against a Colorado ranching family.  The decision set a major precedent with regard to Trails Act litigation involving the General

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
**T** 202.857.6000  **F** 202.857.6395

1675 Broadway
New York, NY 10019-5820
**T** 212.484.3900  **F** 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
**T** 213.629.7400  **F** 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
**T** 415.757.5500  **F** 415.757.5501

Railroad Right-of-Way Act of 1875, which affects thousands of acres of property across the United States.

- *West Chelsea Buildings, LLC v. United States*, No. 14-102 (2014).  Thor has represented property owners in New York City in takings litigation regarding the High Line, a popular elevated recreational park on the West Side of Manhattan.  Those landowners sought to appeal their claims for compensation under the Fifth Amendment for the taking of their property to the U.S. Supreme Court.  Thor represents another landowner in a related case (*see*, below, *Romanoff Equities, Inc. v. United States*).

- *Crawford v. Marion County Election Board*, 553 U.S. 181 (2008).  Counsel for leadership of United States Senate and House of Representatives (Senators Mitch McConnell, Robert Bennett, Christopher S. "Kit" Bond and United States Representatives Roy Blunt, Lamar Smith and Vernon Ehlers) as amici curiae before the United States Supreme Court in support of Indiana election officials on issues of federal preemption and the federal Help America Vote Act

- *PPL Montana v. State of Montana*, No. 10-218 (2010) U.S. Supreme Court amicus brief on behalf of Cato Institute and Montana Farm Bureau Federation.

**Litigation — Before Federal and State Trial and Appellate Courts**

Thor is nationally recognized for his practice before state and federal trial and appellate courts.  Typical of Thor's litigation practice is that, in a recent two-month period, Thor argued cases before the US Court of Appeals for the Federal Circuit, the Kansas Supreme Court and the Missouri Court of Appeals.  Thor's argument before the Missouri Court of Appeals was highlighted as part of the Washington University Appellate Advocacy Program, and his argument before the Federal Circuit involved a class-action case against the federal government that is of national importance that was also featured in the *National Law Journal*.

**Federal and State Court Decisions**

Thor has more than 20 years experience successfully representing clients in federal and state trial and appellate litigation. Many of these cases involve significant issues of constitutional law in which a state or the federal government is the opposing party.  Thor has successfully represented clients before the US Supreme Court, state supreme courts, and other trial and appellate courts.  The following representative cases illustrate his experience.

- *Palmer Ranch v. Commissioner of Internal Revenue Service*, T.C. Memo 2014-79 (US Tax Court 2013), *affirmed*, 812 F.3d 982 (11th Cir. 2016).  US Tax Court trial involving an $83 million dollar dispute with the IRS.  A wealthy family donated property for a conservation easement and public park.  The IRS disallowed the donation.  After a two-week trial the IRS lost.  After an appeal to the Eleventh Circuit, the IRS lost again.  On appeal, the 11th Circuit Court of Appeals granted additional relief to Palmer Ranch over and above what the Tax Court awarded.

- *Lee, et al. v. Virginia State Board of Elections, et al.*, (No. 3:15CV357, E.D. Va.), Appointed by Virginia's Attorney General as special counsel for the Commonwealth.  As lead trial and appellate counsel Thor successfully defended the Commonwealth of Virginia election law in a two-week trial in the Eastern District of Virginia brought by challengers of Virginia's voter photo identification statute.  This case has national implications for upcoming elections.  Trial court decision is at 2016 WL 2946181.  Thor argued the appeal before the Fourth Circuit in September and a decision is pending.

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
**T** 202.857.6000  **F** 202.857.6395

1675 Broadway
New York, NY 10019-5820
**T** 212.484.3900  **F** 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
**T** 213.629.7400  **F** 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
**T** 415.757.5500  **F** 415.757.5501

- *Romanoff Equities, Inc. v. United States*, 815 F.3d 809 (2016) (Supreme Court petition for certiorari to be filed in October 2016).  Appeal from the US Court of Federal Claims denying landowner relief under the Fifth Amendment for the taking of its property.  This appeal is of national interest because it raises property law and federalism issues in that the US Court of Appeals for the Federal Circuit decided a novel question of New York state property law without certifying that state law question to New York's highest state court.  A petition for certiorari is currently pending in the Supreme Court.

- *Biery, et al. v. United States*, No. 16-316 (U.S. Supreme Court petition for certiorari pending).  Case of national interest regarding attorney fee reimbursements to landowners who successfully pursue Fifth Amendment takings claims against the federal government.

- *Childers v. United States*, 116 Fed. Cl. 486 (2013).  Successfully representation of property owners in trial to determine property valuation resulting in a $5.7 million favorable ruling.

- *Jack Ladd v. United States*, 630 F.3d 1015 (Fed. Cir. 2010); Jack Ladd v. United States, 713 F.3d 648 (2013).  Successful appeals reversing two decisions of the Court of Federal Claims establishing major precedent in Trails Act and Fifth Amendment litigation.

- *Kinder v. Geithner*, 695 F.3d 772 (8th Cir. 2012).  Counsel to Missouri's Lieutenant Governor challenging provisions of the Patient Protection and Affordable Care Act (Obamacare).

- *Evans v. United States*, 694 F.3d 1377 (Fed. Cir. 2012).  Successful reversal of two district court decisions following the Federal Circuit's decision in *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010).  The court expressed frustration at the government's actions and clarified the law according to plaintiffs' requests.

- *Ingram v. United States*, 105 Fed. Cl. 518 (2012).  Counsel to South Carolina landowners in their Fifth Amendment takings claim, successfully determining method of valuation of their property interests.

- *Whispell v. United States*, 106 Fed. Cl. 635 (2012).  Counsel to Florida landowners in their Fifth Amendment takings claim, successfully determining method of valuation of their property interests.

- *Douglas R. Bigelow Trust v. United States*, 107 Fed. Cl. 490 (2012).  Counsel to Michigan landowners' class action claim asserting Fifth Amendment taking of land subject to railroad right-of-way.

- *Thompson v. United States*, 101 Fed. Cl. 416 (2011).  Counsel to Michigan landowners in Fifth Amendment takings claim successfully determining that landowners had reversionary rights to property underlying an abandoned railway triggering Fifth Amendment's "just compensation" requirement.

- *Hodges v. United States*, 101 Fed. Cl. 549 (2011).  Counsel to Michigan landowners successfully determining that abandoned railway right-of-way conversion to a public trail constituted a taking under the Fifth Amendment.

- *Rogers v. United States*, 101 Fed. Cl. 287 (2011).  Counsel to Florida landowners in a class action Fifth Amendment takings claim, successfully determining method of valuation of property.

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
T 202.857.6000  F 202.857.6395

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
T 415.757.5500  F 415.757.5501

- *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010). Counsel in class-action Fifth Amendment taking case brought against the federal government. Successfully overturned adverse decision by Court of Federal Claims. National Law Journal noted this case "could dramatically change the rules for plaintiffs across the country who file big-money class actions against the federal government." Mike Scarcella, "Broken Trails," National Law Journal (June 22, 2009). U.S. Justice Department touted the government's lower court win as one of the DOJ's most significant accomplishments in 2009. In a unanimous decision issued May 3, 2010, the Federal Circuit overturned the Court of Federal Claims and issued a decision that broadly affirmed the use of class action procedure in cases against the federal government. The Federal Circuit's broadly written rejection of the Justice Department's argument is a landmark victory for the plaintiffs in this and more than 30 other pending class action cases.

- *Dorothy L. Biery, et al. v. United States and Jeremy Pankratz et. al v. United States*, 86 Fed. Cl. 516 (2009) (certification order). Certified question referred to Kansas Supreme Court by US Court of Claims. Amicus curiae, including Kansas Farm Bureau, filed briefs in support due to precedential importance of issue. Argued before Kansas Supreme Court in October 2009. Subsequently the Court of Federal Claims ruled in favor of the landowners.

- *Rogers v. United States,* 90 Fed. Cl. 418 (2009). Earlier decision in *Rogers* case representing more than 350 Florida property owners in Fifth Amendment lawsuit against federal government for taking property without paying compensation. Court of Federal Claims ruled in favor of landowners "are entitled to just compensation under the Fifth Amendment."

- *St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc.,* 301 S.W.3d 549 (Mo. Ct. App. 2009). Successful trial and appeal involving a commercial lease dispute. Appellate argument selected for Appellate Advocacy Program at Washington University School of Law.

- *Weinschenk v. State of Missouri*, 203 S.W.3d 201 (Mo. 2006). Counsel for citizens intervening to uphold Missouri's voter registration law requiring photo identification in the Missouri Supreme Court.

- *Miller v. United States,* 67 Fed.Cl. 542 (2005). Counsel for class of Missouri landowners (including municipalities and school districts) in successful Fifth Amendment takings litigation against federal government. Successfully concluded with judgment for landowners in excess of $8.1 million in total compensation and won landmark decision on rate of interest due property owners under the Fifth Amendment.

- *Grantwood Village v. United States*, 45 Fed. Cl. 771 (2000). Counsel for Town of Grantwood Village, in Fifth Amendment takings litigation against United States. Successful verdict for full amount of claim sought and attorney fees and expenses. Decision on government's liability established significant legal precedent finding United States liable for paying "just compensation" for Trails Act takings of landowners "reversionary" interest in land.

- *Lowe v. American Standard* (E.D. Mo. 2005). Counsel for former senior executive in employment contract dispute. Lowe won with jury verdict in full amount of demand — in excess of $500,000 — after multi-day federal jury trial.

- *Bush-Cheney, 2000, Inc. v. Baker,* 34 S.W.3d 410 (Mo. Ct. App. 2000). Counsel for President Bush and Bush-Cheney presidential campaign in successful emergency

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
T 202.857.6000  F 202.857.6395

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
T 415.757.5500  F 415.757.5501

- appeal overturning trial court order holding polls open beyond legal closing hour. Court of appeals decision established significant election law precedent.

- *Corbett v. Sullivan*, 202 F. Supp. 2d 972 (E.D. Mo. 2002). Lead counsel for Plaintiffs in the successful federal civil rights redistricting litigation of St. Louis County, Missouri. Represented individuals including minority plaintiffs and worked closely with the local NAACP in achieving a successful reapportionment of St. Louis County government. Counsel for the NAACP said, "[Mr. Hearne carried] the burden of a substantial amount of the NAACP's case…. [Mr. Hearne] provided great help to counsel for the NAACP during this fast-paced redistricting litigation. [And Mr. Hearne took] the leading role in this action and in incorporating the NAACP's objectives."

- *McCurdy v. St. Luke's Episcopal Presbyterian Hospitals,* 265 S.W.3d 286, (Mo. Ct. App. 2008). Successfully represented property owner in trial court and court of appeals by preventing condemnation of private road easement across property owner's land.

- *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71,* 740 N.W.2d 444 (Mich. July 18, 2007). Counsel for *amicus curiae* before Michigan Supreme Court in support of constitutionality of provisions.

- *McNary v. Akin,* Cause No. 00CC-002969, (Cir. Ct. St. Louis Cty, Div. 10, 2000). Counsel for U.S. Congressman in successful defense of primary election recount challenge.

**Political and Election Law**

Thor is one of the nation's preeminent political and election law attorneys. Among the highlights of his practice:

- President Bush's national election counsel in the 2004 presidential re-election campaign where he oversaw more than 75 different lawsuits in state and federal court, including appeals to the US Supreme Court, various state supreme courts, and federal courts of appeal.

- President Bush's legal counsel in Missouri in 2000 where he won the landmark case *Bush-Cheney v. Baker* which overturned a trial court's order holding polls open beyond legal closing time.

- Legal counsel to a number of state and federal officials, including governors, members of the Senate and US House of Representatives and their campaign committees.

- Special Counsel to Commonwealth of Virginia. Successfully defending Virginia's voter identification law against constitutional challenge.

- Represented federal and state candidates in successful election contests and recount litigation. Most recently, Thor represented Missouri Farmers Care, a coalition of agricultural groups, in defense of Missouri Constitutional Amendment 1, the "Right to Farm Amendment" in a statewide recount and state supreme court election contest.

- Counsel for leadership of the US House and Senate in their amicus brief in the landmark US Supreme Court Crawford case and also counsel for Democrat and Republican election officials in separate amicus brief in Crawford.

- Nationally recognized authority in election law, he was advisor to the Carter-Baker Commission on Federal Election Reform and has testified on election law matters

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
T 202.857.6000  F 202.857.6395

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
T 415.757.5500  F 415.757.5501

- before the US Senate, US House of Representatives, US Commission on Civil Rights, and the US Election Assistance Commission.

- Has written numerous articles on various topics of constitutional and election law and has appeared on NPR, CNN, Fox News, and other national media and has been quoted in the *Wall Street Journal* and *USA Today*.

**Publications/Presentations/Recognitions**

- "The Fifth Amendment Requires the Government to Pay an Owner Interest Equal to What the Owner Could Have Earned Had the Government Paid the Owner the Fair-Market Value of Their Property on the Date the Government Took the Owner's Property," *Brigham-Kanner Property Rights Conference Journal*, Vol. 1, September 2012.

- "The Trails Act: Railroading Property Owners and Taxpayers For More Than a Quarter Century," *Real Property, Trust and Estate Law Journal*, Vol. 115, Spring 2010.

- "The Missouri Voter's Protection Act — Real Election Reform for All Missouri Voters," Bar Association of Metropolitan St. Louis — *St. Louis Lawyer*, June 2006.

- "The New Federal Lobbying Regulations, and What In-House Counsel Need to Know About Them," *Bloomberg Corporate Law Journal*, Vol. 3, Winter 2008.

- "Is There Life after the Clean-Air Act," In-Form: *Journal of The American Oil Chemists Society*, May 1995.

- "Legal Aspects of Doing Business in Missouri, Kluwer & West," Chapter on Missouri and annual updates, *Doing Business in North America Series*, July 1990.

- "Missouri Tightens Regulations of Underground Storage Tanks," *St. Louis Business Journal*, April 1991.

- "When Retirement Homes are Ad Valorem Tax Exempt," *Missouri Bar Journal*, May-June 1994.

**Testimony Before Congress and Federal Agencies**

- United States Commission on Civil Rights — Testimony on Voter Fraud and Voter Intimidation, October 10, 2006.

- Testimony before US Senate Judiciary Committee, Subcommittee on Constitution, Civil Rights and Property Rights, July 2006.

- Testimony before US House Administration Committee, March 21, 2005. The Help America Vote Act and the 2004 Presidential Election.

- Testimony before Federal Election Assistance Commission, December 7, 2006.

- Academic Advisor — Commission on Federal Election Reform (Carter-Baker Commission), 2005.  Senior legal advisor to former Secretary of State James Baker.

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
T 202.857.6000  F 202.857.6395

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
T 415.757.5500  F 415.757.5501

**Bar and Court Admissions**
District of Columbia Bar
U.S. Supreme Court
U.S. Court of Federal Claims
U.S. Court of Appeals, Federal Circuit
U.S. Court of Appeals, Second Circuit
U.S. Court of Appeals, Fourth Circuit
U.S. Court of Appeals, Sixth Circuit
U.S. Court of Appeals, Seventh Circuit
U.S. Court of Appeals, Eighth Circuit
U.S. Court of Appeals, Eleventh Circuit
Supreme Court of Missouri
Supreme Court of Michigan

**Education**
Washington University School of Law, JD, 1986
Washington University in St. Louis, BA, 1983

**Life Beyond the Law**
Thor is a private pilot and sailor. In the summer, he and his family enjoy any opportunity they have to escape to northern Michigan, where Thor grew up. Thor and his brother are active in efforts to preserve the unique character of the last undeveloped beach front property in their northern Michigan community.

www.arentfox.com

1717 K Street, NW, NW
Washington, DC 20036
**T** 202.857.6000  **F** 202.857.6395

1675 Broadway
New York, NY 10019-5820
**T** 212.484.3900  **F** 212.484.3990

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
**T** 213.629.7400  **F** 213.629.7401

55 Second Street, 21st Floor
San Francisco, California 94105
**T** 415.757.5500  **F** 415.757.5501